**Abated and Opinion Filed November 14, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

## No. 05-21-00467-CR
_____

**JULIO CESAR SOTO-GALVAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32930CR**

## MEMORANDUM OPINION

Before Justices Nowell, Smith, and Rosenberg[1]
Opinion by Justice Rosenberg

Julio Cesar Soto-Galvan appeals his conviction for sexual assault of a child

younger than 17 years of age. The jury found Soto-Galvan guilty and assessed his

punishment at nine years of imprisonment.

The trial court appointed an attorney to represent Soto-Galvan on appeal. The

appointed attorney filed a brief concluding that Soto-Galvan's appeal from the

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned. This case was submitted without oral argument. At the time this case was submitted, Justice Leslie Osborne was a member of the panel. After her resignation, Justice Rosenberg was designated to sit on the panel and participated in the decision of this case. TEX. R. APP. P. 41.1.

judgment of conviction is wholly frivolous, without merit, and without arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967).

An *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). In addition to setting out an attorney's due diligence investigation on behalf of the client, the *Anders* brief has an additional use for an appellate court, providing it "with a roadmap for their review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

When appellate counsel fails to identify any objections in the record and to discuss why the trial court's ruling was correct or why the appellant was not harmed by the ruling, we are left with little or no confidence in counsel's conclusion that the appeal is frivolous. *See Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *1 (Tex. App.—Dallas June 15, 2020, order) (mem. op., not designated for publication), *disp. on merits*, 2020 WL 5104964 (Tex. App.—Dallas Aug. 31, 2020, no pet.) (mem. op., not designated for publication).

In this case, appellate counsel has completely failed to identify and discuss any objection posed during the trial of this case. We view such a failure as evidence

–2–

that counsel failed to make a thorough and professional evaluation of the record.  *See Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.).

We grant appellate counsel's motion to withdraw.

We strike the *Anders* brief filed by Soto-Galvan's appointed appellate attorney.

We remand this case to the trial court and order the trial judge to appoint new appellate counsel to represent Soto-Galvan.  New appellate counsel should investigate the record and either (1) file a brief that addresses any and all grounds that might arguably support the appeal or (2) if a thorough and professional review of the record identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders* and its progeny.

We abate the appeal for the trial court to comply with the dictates of this opinion.

/Barbara Rosenberg//
BARBARA ROSENBERG
JUSTICE, ASSIGNED

210467f.u05
Do Not Publish
TEX. R. APP. P. 47